CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
October 31, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 2:15CR00015-008 |
| v. | ) |
| | ) **OPINION AND ORDER** |
| **ADRIAN COURTNEY,** | ) |
| | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Adrian Courtney, has moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, relief will be denied.

I. BACKGROUND.

On September 28, 2016, this court sentenced Courtney to 151 months in prison — the lowest end of the then-applicable guideline range — after he pleaded guilty to conspiracy to distribute controlled substance Alpha-PVP. At the time of his sentencing, Courtney qualified as a career offender and was subject to a sentencing enhancement. He is currently incarcerated at FMC Lexington and has a projected release date of December 24, 2026. Courtney will then be subject to a three-year term of supervised release.

A Motion for Sentence Reduction was filed by Courtney on June 10, 2025, signed by him on June 5, 2025. Dkt. No. 1390. He then filed an Amended Motion for Sentence Reduction, Dkt. No. 1394, and upon obtaining counsel filed a Supplemental Motion for Sentence Reduction. Dkt. No. 1400. The issues have been fully briefed, and all motions are ripe for review.

## II.  STANDARD OF REVIEW.

The statute governing compassionate release provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Notwithstanding a finding of extraordinary and compelling reasons for reduction, the court must still consider whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450, 455 (W.D. Va. 2024).

## III.  DISCUSSION.

Courtney now contends that, pursuant to *United States v. Norman*, his drug conspiracy conviction no longer serves as a basis for a career offender enhancement. 935 F.3d 232, 237–38 (4th Cir. 2019) (finding that a conspiracy conviction does not constitute a controlled substance offense under the guidelines). Accordingly, he argues that his guideline range, if sentenced today, would be 130 to 162 months. But

as the government notes, even if Courtney no longer qualifies as a career offender, his current sentence of 151 months still falls within the guideline range that would be applicable if he were sentenced today. I do not find this difference to be so compelling and extraordinary as to warrant relief.

Courts must also conduct an individualized application of the relevant § 3553(a) sentencing factors before determining whether relief is warranted. *Kibble*, 992 F.3d at 331. Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (citing § 3553(a)).

It is commendable that Courtney has expressed remorse for his actions and has taken steps to further his education, address his substance abuse issues, and remain employed while incarcerated. However, I find that the § 3553(a) factors — particularly Courtney's lengthy history of drug distribution, the need to afford adequate deterrence, and the need to protect the public — weigh against a sentence reduction.[1]

---

[1] As I noted when sentencing the defendant, "Mr. Courtney has been, essentially, in his adult life, a drug dealer. That's what he's done. All different types of drugs and these drugs are very dangerous . . . ." Sent'g Tr. 13, Dkt. No. 1190.

IV. CONCLUSION.

For the foregoing reasons, it is **ORDERED** that the Motions for Sentence Reduction, Dkt. Nos. 1390, 1394, and 1400, are DENIED.

ENTER: October 31, 2025

/s/ JAMES P. JONES
Senior United States District Judge